UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| FRANCIS OBIORA ENWONWU, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>KEVIN JOYCE, )<br>*Sheriff, Cumberland County*, et al., )<br>)<br>Respondents. ) | 2:25-cv-00336-SDN |

# **ORDER**

Petitioner Francis Enwonwu filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in September 2024. ECF No. 1. He sought release from custody because, though he was subject to a final order of removal, the government had not yet deported him. *See Zadvydas v. Davis*, 533 U.S. 678, 682 (2001). He later filed two amended petitions seeking the same relief. ECF Nos. 9, 15. More recently, on May 12, 2025, Mr. Enwonwu moved for an injunction blocking the government from deporting him.[1] ECF No. 18. While the matter was pending, on June 18, 2025, Mr. Enwonwu was removed to Nigeria. *See* ECF Nos. 26, 28. As a result, the federal respondents argue his claim is moot. ECF No. 26. However, I am not satisfied there is enough in the record, at this point, to so conclude. Therefore, I order the federal respondents to file an additional declaration to supplement the record.

---

[1] For various reasons not relevant to the issue of mootness, the case was transferred to the Western District of Louisiana on February 24, 2025, and then back to the District of Maine on June 27, 2025.

1

## DISCUSSION

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Whether or not a petitioner is "in custody" for purposes of habeas relief depends on their status at the time of filing. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). There is no dispute that Mr. Enwonwu was "in custody" when he filed his habeas petition. He filed his petition on September 12, 2024, while in custody at the Cumberland County Jail. ECF No. 1; *see also* ECF No. 28, ¶¶ 8–9 (stating Mr. Enwonwu was arrested by ICE and detained at the Cumberland County Jail on August 27, 2024, until he was transferred to the Pine Prairie ICE Processing Center in Louisiana on November 2, 2024). Therefore, this Court had jurisdiction under 28 U.S.C. § 2241 at the time of filing. *See Kwarye v. U.S. Immigr. & Customs Enf't*, No. 24-cv -00404, 2025 WL 947869, at *1 (D. Me. Mar. 28, 2025).

Still, the Article III "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). Thus, even though the Court had jurisdiction when the case was filed, if Mr. Enwonwu loses his "personal stake in the outcome" of this case, his claims may become moot. *Id.* (quoting *Lewis*, 494 U.S. at 478).

Though a habeas petition seeks only the petitioner's release from custody, such release does not automatically moot the case. Sometimes, a petitioner retains a personal stake in the outcome because of the "collateral consequences" of their custody. *Spencer*, 523 U.S. at 7. For example, in *Leitao v. Reno*, 311 F.3d 453, 456 (1st Cir. 2002), the petitioner was deported from the United States while his challenge to the removal order was pending. The First Circuit held the "bar on readmission of a removed alien [under 8

2

U.S.C. § 1182(a)(9)(A)] is a legally cognizable collateral consequence that preserves a live controversy even after deportation of the petitioner" and, as such, the petitioner's claim challenging his order of removal was not moot. *Id.*

As this Court recently explained, a habeas petition seeking relief under *Zadvydas* does not seem to present such collateral consequences once the petitioner is removed. *Kwarye*, 2025 WL 947869, at *2. In contrast to a habeas petition challenging a criminal conviction or the *validity* of a final order of removal, *see Leitao*, 311 F.3d at 456, which might have a collateral effect on future immigration proceedings, a *Zadvydas* claim concedes the underlying order authorizing removal is sound. Instead, such a claim challenges only the petitioner's continued, indefinite detention beyond the period the removal statute authorizes. *Zadvydas*, 533 U.S. at 701 (holding a petitioner is entitled to release only if they are detained for more than six months after the removal period ends and the petitioner shows there is "no significant likelihood of removal in the reasonably foreseeable future").

Accordingly, when a petitioner who raises a *Zadvydas* claim actually is removed, their claim likely becomes moot. *Kwarye*, 2025 WL 947869, at *2; *see also Francis v. Lynch*, 622 F. App'x 455 (5th Cir. 2015) (per curiam); *Qutieshat v. Hogan*, No. CIV.A. 06-CV-2223, 2006 WL 3761999, at *1 (M.D. Pa. Dec. 20, 2006); *Al Sareai v. Barr*, No. 19-CV-445, 2019 WL 5446373, at *1 (W.D. La. Sept. 10, 2019), *R&R adopted* 2019 WL 5457853 (W.D. La. Oct. 23, 2019). Here, Mr. Enwonwu was removed from the United States to Nigeria. The federal respondents have filed an affidavit to that effect. ECF No. 28, ¶ 16.

However, one wrinkle remains. Recent cases have raised the possibility that the government could delegate "pre-removal detention to a foreign country," such that a

3

habeas petitioner is removed from the United States but remains in constructive United States custody elsewhere. *E.D.Q.C. v. Warden, Stewart Det. Ctr.*, No. 25-cv-50-CDL, 2025 WL 1575609, at *3 (M.D. Ga. June 3, 2025), *reconsideration denied, stay granted*, 2025 WL 1829416 (July 2, 2025); *see Abu Ali v. Ashcroft*, 350 F. Supp. 2d 28, 45–50 (D.D.C. 2004) (describing constructive custody). In that case, it is not clear whether the "removal order has actually been executed." *E.D.Q.C.*, 2025 WL 1575609, at *3. If so, and the petitioner remains in constructive custody with an unexecuted removal order, then the *Zadvydas* claim may not be moot.

Here, the limited record does not allow me to conclude Mr. Enwonwu is no longer in United States custody despite being removed to Nigeria. Because I have a "virtually unflagging obligation" to exercise jurisdiction where it exists, *Mata v. Lynch*, 576 U.S. 143, 150 (2015) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)), to ensure I do not improperly abandon the jurisdiction I am required to exercise, I **ORDER** the federal respondents to file a supplemental declaration attesting to whether the United States retains constructive custody over Mr. Enwonwu notwithstanding his removal. The declaration shall be filed by July 22, 2025.

SO ORDERED.

Dated this 15th day of July, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**