UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| FRANCIS OBIORA ENWONWU,         )<br>                                                       )<br>            Petitioner,                      )<br>                                                       )<br>v.                                                    )         2:25-cv-00336-SDN<br>                                                       )<br>KEVIN JOYCE,                                )<br>*Sheriff, Cumberland County*, et al.,  )<br>                                                       )<br>            Respondents.                  )  | |

## **ORDER**

In September 2024, Petitioner Francis Enwonwu filed a petition for writ of habeas corpus seeking release from pre-removal detention pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* ECF No. 1. While the matter was pending, on June 18, 2025, Mr. Enwonwu was removed to Nigeria. *See* ECF Nos. 26, 28.

As explained in my July 15, 2025, order, ECF No. 29, when a petitioner like Mr. Enwonwu who raises a *Zadvydas* claim actually is removed, their claim likely becomes moot. *Kwarye v. U.S. Immigr. & Customs Enf't*, No. 24-cv-00404, 2025 WL 947869, at *2 (D. Me. Mar. 28, 2025). However, if the petitioner remains in constructive United States custody elsewhere after removal, their claim may not be moot. *See E.D.Q.C. v. Warden, Stewart Det. Ctr.*, No. 25-cv-50, 2025 WL 1575609, at *3 (M.D. Ga. June 3, 2025), *reconsideration denied, stay granted*, 2025 WL 1829416 (July 2, 2025).

Here, the federal respondents argue Mr. Enwonwu's claim is moot because he was removed and, in response to Orders to Show Cause, have filed affidavits attesting to Mr. Enwonwu's status. ECF Nos 26–30. According to the affidavit filed on July 22, 2025, United States Immigration and Customs Enforcement ("ICE") flew Mr. Enwonwu from

1

Mesa, Arizona, to Lagos, Nigeria, arriving on June 19, 2025, at 9:00 a.m., escorted by ICE officers. ECF No. 30 ¶¶ 5–7. "After removal to Nigeria, ICE does not have any knowledge or information as to [Mr. Enwonwu's] whereabouts, or that he has been subsequently detained. After removal to Nigeria, ICE has neither directed nor controlled the continued detention of [Mr. Enwonwu]." *Id*. ¶¶ 8–9.

Accordingly, because the record evidence now demonstrates that Mr. Enwonwu has been removed from the United States and is no longer in actual or constructive United States custody, he no longer has a personal stake in the outcome of this case and his petition is moot. *See Kwarye*, 2025 WL 947869, at *2.

## CONCLUSION

For the foregoing reasons, I DISMISS without prejudice Mr. Enwonwu's three petitions. ECF Nos. 1, 9, 15. I DENY as moot his motion for an injunction blocking his removal. ECF No. 18. I AFFIRM the magistrate judge's report and recommendation, ECF No. 20, as to the recommended judgment only.

SO ORDERED.

Dated this 28th day of July, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**